IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01610-WDM-KMT

EDITH L. BUNTING,

    Plaintiff,

v.

WAL-MART,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on defendant Wal-Mart's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted, or in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction" ("Mot." [Doc. No. 20, filed October 29, 2007]). Plaintiff filed a response to the motion on November 13, 2008, ("Response" [Doc. No. 24]), to which defendant replied on November 27, 2007 [Doc. No. 26].

    Defendant alleges the plaintiff's claims are barred as a result of untimely filing of her complaint. (Mot. at 2) Further, defendant alternatively argues the plaintiff's claim for failure to promote her should be dismissed for failure to exhaust administrative remedies because Ms. Bunting did not present this claim to the EEOC as required.

*Legal Standard*

### A. Pro Se Party

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B. Fed. R. Civ. P. 12(b)(6)

Motions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6). *Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 91-92, 2005 WL 3196750, 2 (10th Cir. 2005)(unpublished). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of her claim precisely, she must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

*Analysis*

In Title VII cases, plaintiffs are directed to file their judicial complaint "[w]ithin 90 days of receipt of the Commission's final decision on an appeal[.]" 29 C.F.R. § 1614.407(c); *see also* 42 U.S.C. § 2000e-16(c) (same). Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995); *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259-60 (10th Cir.1994). Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the EEOC, he or she is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination. 42 U.S.C. § 2000-e5(f)(1).

The ninety day time limit is strictly administered. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984); *Million*, 47 F.3d at 388 ("The existence of the relatively short filing period is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay ... A plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute") (internal quotation marks and citation omitted); *Purrington v. University of Utah*, 996 F.2d 1025, 1031 (10th Cir. 1993) ("A knowing plaintiff has an obligation to file promptly or lose her claim"), *abrogated on other grounds by Natl. R.R. Passenger Corp. v. Morgan*, 536 U .S. 101 (2002).

The ninety day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).

The plaintiff has admitted, and the defendant does not dispute, that she received the notice of right to sue on April 20, 2007[1]. (Compl. at 8; Response at 1) Without any further intervening acts the complaint was required to be filed by no later than July 19, 2007. July 19, 2007 fell on a Thursday. *See Carlson v. King Pontiac,* GMC 2007 WL 1097862, 1 (D. Colo. 2007) (hereinafter *Carlson II* ) (if the end of the ninety day period falls on a weekend or holiday, the ninety day period will be deemed to end on the following regular business day.) Defendant filed her Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on Monday, July 23, 2007 and her complaint was filed on July 31, 2007. The ninety day time limit for filing suit "is tolled between the time a complaint and an application to proceed in forma pauperis are received by the Court and the time the Court rules on the application." *Carlson v. King Pontiac GMC*, 2007 WL 1097865, 2 (D. Colo. 2007) (*hereinafter Carlson I*) *result rev'd as noted, supra*; *El v. Belden*, 360 F. Supp. 2d 90, 93 (D. D.C. 2004); *Dempsey v. Harrison*, 387 F. Supp. 2d 558, 561 (E.D. N.C. 2005) (many "courts have determined that the statutory filing period should be tolled until the petition [to proceed in forma pauperis] has been granted"). Therefore, Ms. Bunting's complaint will be treated as though it was filed on July 23, 2007, the date of her first submission of a petition to proceed *in forma pauperis*. The complaint, even with the allowed

---

[1]. The Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" of receipt after mailing but has emphasized that this "presumption of receipt is appropriate whenever the actual receipt date is <u>unknown or disputed</u>." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir.2001) (emphasis added). In this case, the plaintiff has repeated time and again that she received the notice on Friday, April 20, 2007, late in the day, and did not take any action on it until after the weekend.

tolling, was therefore filed four days out of time unless the time period is extended through waiver, estoppel, or equitable tolling.

The Tenth Circuit has "taken a strict view of what necessitates equitable tolling." *Jarrett*, 22 F.3d at 260. The Tenth Circuit has recognized equitable tolling of Title VII time limitations only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). "[E]quitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts." *Id*. at 1267-68. "Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period." *Id*. The burden of proving equitable tolling rests on the plaintiff. *Carlson I* at 2. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993) (once a defendant has "raised the limitations issue, [plaintiff] bore the burden of proving that equitable tolling of the limitations period was appropriate"); *Bayer v. U.S. Dept. of Treasury*, 956 F.2d 330, 333 (D.C. Cir.1992) ("Title VII plaintiff bears the burden of pleading and proving in the district court 'equitable reasons' for noncompliance" with thirty-day time limits) (citation omitted). The propriety of equitable tolling must be determined on a case-by-case basis, and rests within the sound discretion of the district court. *Million,* 47 F.3d at 389; *Jarrett*, 22 F.3d at 260; *Edwards v. Int'l Union (UPGWA)*, 46 F.3d 1047, 1055 (10th Cir. 1995).

There are no allegations made by the plaintiff of any behavior by the defendant or anyone else which would give rise to equitable tolling. Instead, the plaintiff simply states that since she

received the right to sue notice on a Friday, she should be allowed an additional three days to respond. (Response at 1) Plaintiff does not explain why she should receive a three day extension or how the first weekend of the ninety day period differs from any other weekend or holiday occurring within the period. Plaintiff also states that she is mentally ill and was having trouble with her medications during April, 2007, although she fails to state how or why this kept her from complying with Title VII's strict time deadlines. (*Id.*) Finally, she admits she mailed her Complaint to the court on July 20, 2008, making the Complaint one day late even <u>before</u> she mailed it. *(Id.)* The law does not support any of these 'explanations' as reasons to excuse compliance with Title VII's statutory time limitations. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center*, 466 U.S. at 152.

Finally, there has been no presentation of any evidence which would support waiver or estoppel in this case. The plaintiff does not allege that she was misled by the defendant or others or that the defendant waived any right to expect judicial enforcement of the appropriate limitations periods.

### *Conclusion*

Since, even with applying every available recognized and legal measure to extend her time for filing, the plaintiff simply did not comply with the statutorily mandated and strictly enforced time requirements of Title VII, her Complaint is therefore time barred and should be dismissed. There is, therefore, no reason for the court to consider defendant's alternative

7

argument that one particular claim in the Complaint should be dismissed for failure to exhaust administrative remedies and therefore declines to do so.

It is respectfully **RECOMMENDED** that

Defendant Wal-Mart's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted, or in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction" ("Mot." [Doc. No. 20] be **GRANTED** on the basis of Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of August, 2008

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge