IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01610-WDM-KMT

EDITH L. BUNTING,

    Plaintiff,

v.

WAL-MART,

    Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

---

Miller, J.

    This matter is before me on a recommendation of Magistrate Judge Kathleen M. Tafoya, issued August 8, 2008 (Docket No. 40) that a motion to dismiss filed by Defendant (Docket No. 20) be granted. Plaintiff filed a timely objection to the recommendation (Docket No. 41) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiff's pleadings liberally and hold her to a "less stringent standard" because she is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case and the legal authorities relied upon by Magistrate Judge Tafoya, I discern no error and find that the recommendation should be accepted for the following reasons.

PDF Final

## Background

This action arises out of Plaintiff's employment with Defendant. Plaintiff has sued Defendant alleging that Defendant unlawfully discriminated against her on the basis of race, sex, and mental illness by retaliating against her, failing to promote her, and subjecting her to a hostile work environment. During her employment with Defendant, Plaintiff filed two discrimination charges with the Equal Employment Opportunity Commission ("EEOC"). The first was filed on October 17, 2006 and alleged "ongoing disparate treatment and harassment" by coworkers and management based on her race and disability and retaliation after she complained about the discrimination. Second, Plaintiff filed an EEOC charge on January 24, 2007 alleging that she was discriminated against based on race, disability, and sex. She also alleged that she was retaliated against for filing the first EEOC charge. According to the complaint and Plaintiff's response to the motion to dismiss, Plaintiff received a right to sue letter from her EEOC charges on Friday, April 20, 2007. Plaintiff filed her Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 1) on Monday, July 23, 2007. After that motion was granted, she filed the complaint on Tuesday, July 31, 2007.

## Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

<u>Discussion</u>

Magistrate Judge Tafoya recommends that Defendant's motion to dismiss be granted and the case be dismissed with prejudice for Plaintiff's failure to timely file her complaint. Title VII requires that a complaint be filed within ninety days from receipt of the notice of right sue letter from the EEOC; otherwise, the plaintiff is foreclosed from bringing suit based on the allegations in the EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407(a). "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (citing *Gonzalez-Aller Balseyro v. GTE lenkurt, Inc.*, 702 F.2d 857-859 (10th Cir. 1983)). The ninety day filing requirement is strictly administered. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980), 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'").

In this case, Magistrate Judge Tafoya correctly determined that Plaintiff's filing of suit in this Court was untimely. The ninety day period began to run on April 20, 2007, the day that Plaintiff acknowledges that she received the right to sue letter for her EEOC charges. *See Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999); *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998) ("The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice." (citing *Williams v. S. Union Gas Co.*, 529 F.2d 483, 487 (10th Cir. 1976))). However, the ninety day period is tolled while a motion to proceed *in forma pauperis* ("IFP") is pending before the district court. *See Jerrett v. US Sprint Commc'ns Co.* 22 F.3d 256, 259 (10th Cir. 1994) ("Plainly, the statute of limitation is tolled while the IFP is pending."); *Namoko v. Milgard Mfg.* 253 Fed. Appx. 729, 732 (10th Cir. 2007) (unpublished) ("[T]he limitations period is tolled in a Title VII case while an IFP application is pending before the district court." (citing *id.*)). Thus, Plaintiff is deemed to have filed the complaint with this Court on July 23, 2007, the day she filed her IFP. This date, however, is ninety-four days after Plaintiff received the right-to-sue letter. Therefore, Magistrate Judge Tafoya was correct in determining that Plaintiff's complaint was untimely unless the time period for filing was extended through waiver, estoppel, or additional equitable tolling.

The Tenth Circuit has "taken a strict view of what necessitates equitable tolling." *Jarrett*, 22 F.3d at 260; *see Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1267 (10th Cir. 1996) ("Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII."). "Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in

some extraordinary way been prevented from asserting his rights.'" *Million*, 47 F.3d at 389 (citing *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981)).

Magistrate Judge Tafoya determined that the time period for filing had not been extended in this case by equitable tolling. I agree. Plaintiff has not demonstrated any behavior by the defendant or anyone else which would give rise to equitable tolling. Rather, Plaintiff merely requested that the three-day presumption for mail transit be applied. Such a presumption, however, is only applicable when the date of receipt is unknown. *See Lazano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) ("[A] presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed."). In this case, Plaintiff has admitted to the date that she received the notice and, therefore, any mail presumption is not applicable. Furthermore, Plaintiff has admitted that she mailed her IFP in on July 20, 2007, which is still one day past the ninety-day period. Additionally, Plaintiff has not presented any evidence supporting her claim that her mental illness prevented her from timely filing her lawsuit. Magistrate Judge Tafoya also determined that there was no evidence indicating waiver or estoppel should apply to this case. Again, I agree.

Plaintiff filed an objection to Magistrate Judge Tafoya's recommendation asserting generally that the recommendation should not be accepted because "Defendant's wrongful action caused a filing to be late." (Docket No. 41 at 2.) Defendant responds that Plaintiff has not presented any sufficient grounds for rejection of the recommendation. I agree with Defendant.

Plaintiff alleges that Defendant and the Mental Health Center of Boulder County ("MHCBC") conspired to prescribe her drugs that would "chemically alter [her] mental

brain functions to a negative end." *Id.* at 10. She does not, however, present any evidence beyond her speculation that the reason the doctor at MHCBC altered her medications was to prevent her from timely filing her complaint. In fact, there is no evidence beyond Plaintiff's speculation that the doctor even knew about the timing requirement for Plaintiff's action against Defendant. The medical records that Plaintiff submits with her objections also do not demonstrate that MHCBC knew of or acted with the intent to delay Plaintiff's lawsuit. Furthermore, there is no evidence linking MHCBC's actions with respect to Plaintiff's medications to Defendant. I conclude that Plaintiff has not demonstrated that she was actively misled by Defendant or in any extraordinary manner prevented from asserting her rights. *See Million*, 47 F.3d at 389 (citing *Carlile*, 652 F.2d at 985). Thus, Magistrate Judge Tafoya was corrected in determining that the ninety-day period was not tolled and Plaintiff was untimely in filing her lawsuit.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Tafoya (Docket No. 40) is accepted.
2. Defendant's Motion to Dismiss (Docket No. 20) is granted.
3. This case is dismissed with prejudice.

DATED at Denver, Colorado, on September 10, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge